**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 12, 2022

LETTER TO COUNSEL

    RE:    *Adrianna S. v. Commissioner, Social Security Administration*
           Civil No. SAG-20-3136

Dear Counsel:

On October 28, 2020, Plaintiff Adrianna S. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income Benefits. ECF No. 1. I have considered the parties' cross-motions for summary judgment and Plaintiff's reply. ECF Nos. 11, 17, 18. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the Commissioner's decision, and remand the case to the Commissioner for further consideration. This letter explains my rationale.

Plaintiff filed her claims for benefits on November 5, 2018, alleging a disability onset date of October 18, 2017. Tr. 229-37. Her claims were denied initially and on reconsideration. Tr. 148-53, 160-64. On January 9, 2020, an Administrative Law Judge ("ALJ") held a hearing. Tr. 40-78. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 18-39. The Appeals Council denied Plaintiff's request for review, Tr. 1-7, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

The ALJ found that Plaintiff suffered from the severe impairments of "epilepsy, depressive disorder, anxiety-related disorder, neurodevelopmental disorder, and trauma-related disorder." Tr. 24. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: is able to perform simple, routine tasks; occasionally interact with co-workers and the public.

Tr. 26. The ALJ determined that Plaintiff was unable to perform past relevant work as a

*Adrianna S. v. Commissioner, Social Security Administration*
Civil No. SAG-20-3136
January 12, 2022
Page 2

receptionist, accounting clerk, automobile sales representative, medical assistant, surgical technician, and retail manager, but could perform other jobs that existed in significant numbers in the national economy. Tr. 31-32. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 33.

Plaintiff raises two arguments on appeal, specifically that the ALJ erroneously: 1) evaluated the medical opinions contained in Plaintiff's record; and 2) evaluated Plaintiff's subjective complaints. ECF No. 11-1 at 17-30.

First, Plaintiff argues that the ALJ failed to properly evaluate several medical opinions in Plaintiff's record. ECF No. 11-1 at 17-28. For claims filed after March 27, 2017, an ALJ must follow certain procedures when assessing the weight to which medical opinions are entitled. *See* 20 C.F.R. §§ 404.1520c, 416.920c. An ALJ is required to articulate in the decision how persuasive he finds each medical opinion. *Id.* §§ 404.1520c(b), 416.920c(b). Supportability and consistency are the most important factors when considering the persuasiveness of medical opinions. *Id.* §§ 404.1520c(b)(2), 416.920c(b)(2). Therefore, the ALJ "will explain how [he] considered the supportability and consistency factors for a medical source's medical opinions . . . in [the] . . . decision." *Id.* Supportability generally refers to "the objective medical evidence and supporting explanations provided by a medical source." *Id.* §§ 404.1520c(c)(1), 416.920c(c)(1). Consistency generally refers to the consistency between the opinion and "the evidence from other medical sources and nonmedical sources in the claim." *Id.* §§ 404.1520c(c)(2), 416.920c(c)(2). ALJs also consider other factors enumerated in the regulations, and they "may, but are not required to," explain that consideration in the decision. *Id.* §§ 404.1520c(b)(2), 416.920c(b)(2).

Here, Plaintiff first questions the ALJ's discussion of the "treating source opinion (signature unreadable) dated November 21, 2019," a "Seizure Impairment Questionnaire." Tr. 31, 900-04. The opinion states, in addition to physical limitations, that emotional factors contribute to the severity of Plaintiff's symptoms and limitations; that Plaintiff's depression, anxiety, PTSD, and bipolar disorder affect her physical condition; that Plaintiff's seizures make it difficult for her to maintain work in a competitive environment; and that Plaintiff's symptoms are severe enough to occasionally interfere with attention and concentration. Tr. 900-01. The ALJ stated that this opinion was unpersuasive because it "is entirely inconsistent with the objective medical evidence of record, which demonstrates [Plaintiff] ambulates independently with a normal gait and has 5/5 upper and lower extremity strength." Tr. 31. However, as noted by Plaintiff, the ALJ failed to address the treating source's findings regarding Plaintiff's non-exertional and mental limitations. Accordingly, the ALJ failed to explain how he considered these facets of the treating source's opinion, which were the primary basis for the treating source's opinion that Plaintiff could not maintain employment.

Additionally, Plaintiff argues that the ALJ failed to identify the required supportability and consistency factors in relation to the opinion of Plaintiff's therapist, Rhonda Winfield Jordan, LCSW-C. ECF No. 11-1 at 23-24. The ALJ simply noted that Ms. Jordan's opinion "functions as a declaration of disability, which is a legal determination reserved to the Commissioner." Tr. 30. Yet, Ms. Jordan's report details why Plaintiff has been unable to sustain employment,

*Adrianna S. v. Commissioner, Social Security Administration*
Civil No. SAG-20-3136
January 12, 2022
Page 3

including increased seizure activity, depression, impulsivity, frustration, anxiety, and irritability. Tr. 569. Ms. Jordan noted that those conditions had resulted in Plaintiff's inability to sustain employment even when she had begun various jobs. *Id.* The ALJ, by summarily dismissing Ms. Jordan's opinion, failed to explain, or consider, how these reported mental limitations and symptoms would affect Plaintiff's RFC. Accordingly, I am unable to conclude that substantial evidence supports the ALJ's determination regarding the treating source's opinion and Ms. Jordan's opinion, and remand is warranted.

Finally, because the case is being remanded on other grounds, I need not address Plaintiff's arguments regarding the ALJ's failure to: (1) properly evaluate the medical opinions of Sippora Lehrhaupt, PA-C, Steven Israel, M.D., and the state agency psychological consultant; or (2) properly assess Plaintiff's subjective complaints. On remand, the ALJ can consider these arguments and make any required adjustments to the opinion.

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF No. 11, is DENIED and Defendant's Motion for Summary Judgment, ECF No. 17, is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

Sincerely yours,

/s/
Stephanie A. Gallagher
United States District Judge